*869 PANNER, District Judge,
dissenting.
The Eleventh Amendment provides that: The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or •prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
(Emphasis added.) This action was commenced, and is being prosecuted, by two private citizens. The United States was not consulted before this action was filed. It did not screen the claims before filing to ensure that prosecution was warranted, and it has since declined to prosecute this action in its own right.[1] If the United States intervenes, it is not bound by anything the relators have done. 31 U.S.C. § 3730(c)(1). Unless it intervenes, the United States is not liable for any costs or attorney fees awarded to the defendants. 31 U.S.C. § 3730(f) and (g) (distinguishing between actions brought by the relator and those filed by the “United States”). The United States has little control over the conduct of this litigation, unless it intervenes as a party or by moving to dismiss the action. See generally 31 U.S.C. § 3730.
Based upon the decisions cited in the majority opinion, the majority understandably concludes that this action against a state is not barred by the Eleventh Amendment. However, those eases primarily involve issues of standing, or are premised upon other decisions that involve standing. They speak in terms of the “real party in interest.”
United States ex rel. Kelly v. Boeing Co., 9 F.3d 743 (9th Cir.1993), discusses the relationship between the United States and the relator in an action under the False Claims Act:
[T]he FCA effectively assigns the government’s claims to qui tarn plaintiffs such as Kelly, who then may sue based upon an injury to the federal treasury. Under this theory of standing, the FCA’s qui tarn provisions operate as an enforceable unilateral contract. The terms and conditions of the contract are accepted by the relator upon filing suit. If the government declines to prosecute the alleged wrongdoer, the qui tam plaintiff effectively stands in the shoes of the government.
Id. at 748. Others have likened the relationship to an assignment of a contract or chose in action, or a collection agency, bounty hunter, or contingency fee relationship. See, e.g., United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center, 961 F.2d 46, 49 (4th Cir.1992) (endorsing contingency fee analysis).
“Standing in the shoes of the assignor” may suffice to confer standing to sue or to overcome a contractual defense, but only the United States itself should be able to pierce a state’s sovereign immunity, not its collection agencies, assignees, bounty hunters, or dele-gees. Milam’s answer was that:
Congress has let loose a posse of ad hoc deputies to uncover and prosecute frauds against the government. States and state agencies ... may prefer the dignity of being chased only by the regular troops; if so, they must seek relief from Congress.
Id. at 49. That misses the mark. It is not a question of “dignity” but of whether the limited waiver of sovereign immunity, that is inherent in the design of the Constitution, extends to seif-appointed “ad hoc deputies” who are largely beyond the supervision of the United States and for whose actions the United States is not accountable. “The consent, ‘inherent in the convention,’ to suit by the United States — at the instance and under the control of responsible federal officers — is not consent to suit by anyone whom the United States might select; and even consent to suit by the United States for a particular person’s benefit is not consent to suit by that person himself.” Blatchford v. Native Village of Noatak, 501 U.S. 775, 785-86, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991).
*870 The only case cited by the majority that is directly in point is Milam, supra. While that decision is well written by Judge Hall, it does not persuade me that the Eleventh Amendment can be overcome so easily.
The Supreme Court has expressed reservations about limiting the Eleventh Amendment in other types of cases. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) and Blatchford, supra.
The present action is distinguishable from United States ex rel. Zissler v. Regents of the University of Minnesota, No. 97-4099MN, also decided today. In Zissler, the United States has intervened and is prosecuting that action at the instance, and under the control, of responsible federal officials. The same cannot be said of the claims here. I therefore respectfully dissent.

. The United States has intervened in this appeal for the limited purpose of defending the constitutionality of the False Claims Act. See Motion of United States to Intervene as of Right Under 28 U.S.C. § 2403. The United States has not intervened in the underlying action pursuant to 31 U.S.C. § 3730.